Jeremy M. Dobbins, Esq. (SBN 320648)
**Law Office of Jeremy M. Dobbins**
1225 E. Divisadero, Third Floor
Fresno, California 93721
Telephone No.: (559) 306-6580
Facsimile No.: (559) 316-4070
Email: jeremy@jeremydobbins.com

Attorney for Plaintiff OLIVIA VALADEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA VALADEZ, successor in interest to the ESTATE OF ERIC VALADEZ<br><br>Plaintiff,<br><br>v.<br><br>SUTTER HEALTH MEMORIAL HOSPITAL LOS BANOS, and DOES 1 through 20, inclusive.<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  VIOLATION OF 42 U.S.C. §§12101 *et seq*. [Americans with Disabilities Act of 1990 – ADA]<br>2.  VIOLATION OF 42 U.S.C. §1395dd [Emergency Medical Treatment and Active Labor Act – EMTALA]<br>3.  VIOLATION OF CAL. CIVIL CODE §§51 *et seq*. [Unruh Civil Rights Act – UCRA]<br>4.  VIOLATION OF CAL. CIVIL CODE §§54 *et seq*. [California Disabled Person's Act – CDPA]<br>5.  NEGLIGENCE [*Negligence Per Se*] |

**TO THE HONORABLE COURT:**

  **COMES NOW** Plaintiff, OLIVIA VALADEZ, successor in interest to the ESTATE OF ERIC VALADEZ, by and through her attorneys, allege as follows:

**PARTIES**

1.  Plaintiff, OLIVIA VALADEZ (herein "Plaintiff"), is a natural person and is a resident of Pennsylvania. Plaintiff was lawfully married to Eric Valadez (herein "Decedent"), and now represents his estate, who was treated by Defendant, SUTTER HEALTH MEMORIAL HOSPITAL LOS BANOS (herein "Sutter" or "Defendant"), in Los Banos, California.

2.  Decedent was an individual with a disability, in that he had a mental disability, including a mental or psychiatric disorder or condition.

3.  Defendant, SUTTER, is, and at all relevant times herein was, a not-for-profit corporation authorized to do and doing business in the State of California.  Defendant registered as a corporation with the California Secretary of State on September 4, 1981.

4.  Defendant DOES 1 to 10 were the agents or employees of other named defendants and acted within the scope of that agency or employment.

5.  Defendant DOES 11 to 20 are persons whose capacities are unknown to Plaintiff.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over Plaintiff's first and second claims under 28 U.S.C. §1331, as they arise under federal law.  The Court has supplemental jurisdiction over Plaintiff's third, fourth, and fifth claims, which are based on state law, under 28 U.S.C. §1367.

7.  Venue is proper under 28 U.S.C. §1391(b)(2), in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

8.  On March 21, 2021, at 2:56 p.m., Decedent presented to Defendant's emergency department for a psychiatric evaluation.  Earlier in the day, Decedent held a knife to his neck and threatened to harm himself in front of multiple family members and friends.  Decedent had a 4-centimeter superficial abrasion on his neck.

9.  Decedent denied having any mental health issues or suicidal thoughts and told Defendant's staff that the situation earlier in the day was a misunderstanding.  Decedent tested positive for opiates and alcohol.

10.  A psychiatric evaluation was completed via Telehealth at around 11:00 p.m.  The psychiatrist determined that Decedent was a danger to himself and others and recommended a Cal. Welfare and Institutions Code §5150 psychiatric hold.  It was also recommended that Risperdal and Zoloft be given to Decedent.

11. On March 22, 2021, at around 12:05 a.m., Merced County Behavioral Health completed a psychiatric assessment. They noted that Decedent was acting paranoid and apprehensive, and recommended a psychiatric hold and inpatient psychiatric treatment.

12. On March 22, 2021, at around 12:47 a.m., Defendant's staff heard the sound of something falling. Decedent and Defendant's security were nowhere to be found; however, the glass on the fire extinguisher was broken and there was broken glass on the floor.

13. Defendant's security returned a few minutes later and informed Defendant's staff that Decedent was pacing in the hallway and hit the glass on fire extinguisher twice before breaking it and fleeing. Decedent had a piece of glass in his hand.

14. Defendant's staff notified local police and Merced County Behavioral Health; however, Decedent was not located.

15. On March 27, 2021, law enforcement was dispatched to a residence in Los Banos. The homeowner of residence went out to his backyard and found a man hanging from a railing on a boat; the homeowner did not know who the man was. The man was later identified as Decedent.

16. Decedent used a cloth ligature, composed of several items of clothing, to hang himself. Decedent died from asphyxiation by hanging.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. §§12101 *et seq.*
[Americans with Disabilities Act of 1990 – ADA]
(Valadez v. Sutter)

17. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (16) hereof as if fully set forth herein.

18. ADA, 42 U.S.C. §§12101 *et seq.*, guarantees that individuals with disabilities are provided equality of opportunity and freedom from discrimination.

19. Decedent at the time of the incident had a "disability" as defined in 42 U.S.C. §12102, that is a mental disability, including a mental or psychological disorder or condition.

20. Defendant violated the ADA by denying Decedent "full and equal access" during his Cal. Welfare and Institutions Code §5150 psychiatric hold.

21. Defendant failed to provide adequate and reasonable accommodations for people with disabilities like Decedent's when they failed to provide code compliant measures within their medical facility in Los Banos, California in violation of the ADA.

22. Defendants discriminated against Decedent on the basis of his disability in the diagnosis, treatment, and accommodations provided to Decedent during his Cal. Welfare and Institutions Code §5150 psychiatric hold.

23. A nexus between Defendant's access violation and Decedent's death occurred when Decedent, who was suffering from a mental health condition, was not properly supervised by Defendant while under a Cal. Welfare and Institutions Code §5150 psychiatric hold. Decedent suffered actual damages, specifically death, resulting from Defendant's ADA violation.

24. Plaintiff is entitled to all relief available under 42 U.S.C. §§12101 *et seq*.

25. Plaintiff is entitled to reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§12101 *et seq*.

**SECOND CAUSE OF ACTION**
VIOLATION OF 42 U.S.C. §1395dd
[Emergency Medical Treatment and Active Labor Act – EMTALA]
(Valadez v. Sutter)

26. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (25) hereof as if fully set forth herein.

27. EMTALA, 42 U.S.C. §1395dd, provides that any individual that presents to a hospital's emergency department must be properly examined, stabilized, and treated.

28. Decedent was an "individual" as defined in 42 U.S.C. §1395dd(a).

29. Defendant is a "hospital that has a hospital emergency department" as defined in 42 U.S.C. §1395dd(a).

30. Decedent was suffering from an "emergency medical condition" as defined in 42 U.S.C. §1395dd(b).

31. Defendant's actions against Decedent constitute a violation of EMTALA in that Defendant failed to provide Decedent with the appropriate emergency medical treatment to

stabilize his condition and did not properly supervise Decedent during his Cal. Welfare and Institutions Code §5150 psychiatric hold.

32. Defendant violated EMTALA when they failed to properly stabilize Decedent during his Cal. Welfare and Institutions Code §5150 psychiatric hold and ensure that Decedent did not harm himself or others.

33. As a result of Defendant's EMTALA violation, Decedent left Defendant's hospital during his Cal. Welfare and Institutions Code §5150 psychiatric hold, resulting in Decedent's death through ligature asphyxiation.

34. Plaintiff is entitled to civil penalties pursuant to 42 U.S.C. §1395dd(d)(1)(A).

**THIRD CAUSE OF ACTION**
VIOLATION OF CAL. CIVIL CODE §§51 *et seq*.
[Unruh Civil Rights Act – UCRA]
(Valadez v. Sutter)

35. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (34) hereof as if fully set forth herein.

36. UCRA, Cal. Civil Code §§51 *et seq*., guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever within the jurisdiction of the state of California. Defendants are systematically violating Cal. Civil Code §§51 *et seq*.

37. Decedent was a "person" as defined in Cal. Civil Code §51(b).

38. Decedent had a "disability" as defined in Cal. Civil Code §51(e)(1).

39. Defendant is a "business establishment" as defined in Cal. Civil Code §51(b).

40. Decedent was entitled to the appropriate accommodations and services provided at Defendant's medical facility under UCRA.

41. Defendant's actions constitute intentional discrimination in violation of UCRA against Decedent on the basis of his disability because Defendant failed to properly supervise Decedent, who had a mental health condition, during his Cal. Welfare and Institutions Code §5150 psychiatric hold.

42. Cal. Civil Code §51(f) provides, *inter alia*, that a violation of the ADA also constitutes a violation of UCRA.

43. As a direct and proximate result of the actions of Defendant in violation of UCRA, Decedent left Defendant's medical facility during his Cal. Welfare and Institutions Code §5150 psychiatric hold and subsequently hung himself, resulting in his death.

44. Plaintiff is entitled to actual damages, special damages, and statutory damages pursuant to Cal. Civil Code §52.

45. Plaintiff is also entitled to reasonable attorney's fees and costs of suit.

### FOURTH CAUSE OF ACTION
VIOLATION OF CAL. CIVIL CODE §§54 *et seq.*
[California Disabled Person's Act – CDPA]
(Valadez v. Sutter)

46. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (45) hereof as if fully set forth herein.

47. CDPA, Cal. Civil Code §§54 *et seq.*, guarantees people with disabilities full and equal access to places of public accommodation.

48. Defendant is and at all times mentioned was the owner and operator of a medical hospital in Los Banos, California.

49. Defendant operates a "place of public accommodation" as defined in Cal. Civil Code §54.1(a)(1).

50. From March 21, 2021, to March 22, 2021, Defendant failed to properly supervise Decedent while he was on a Cal. Welfare and Institutions Code §5150 psychiatric hold and suffering from a mental health condition.

51. Defendant's conduct was based solely on Plaintiff's disability, that is a mental disability, including a mental or psychological disorder or condition.

52. The actions of Defendant were and are in violation of CDPA.

53. Cal. Civil Code §54(d) provides, *inter alia*, that a violation of the ADA also constitutes a violation of CDPA.

54. As a direct and proximate result of the actions of Defendant in violation of CDPA, Plaintiff suffered actual damages, most significantly, death.

55. Plaintiff is entitled to recover actual damages, as well as statutory damages up to three times the actual damages pursuant to Cal. Civil Code §54.3.

56. Plaintiff is also entitled to reasonable attorney's fees and costs of suit.

**FIFTH CAUSE OF ACTION**
Negligence
[*Negligence Per Se*]
(Valadez v. Sutter)

57. Plaintiff incorporates by reference each and every allegation contained in paragraphs (1) through (56) hereof as if fully set forth herein.

58. Defendant owed a duty of reasonable care to Decedent.

59. As a result of Defendant's breach of duty of care for Decedent, Decedent was able to leave Defendant's premises, resulting in his death.

60. Furthermore, Defendant is *Negligent Per Se* due to Defendant's violations of the ADA, EMTALA, UCRA, and CDPA.

61. The ADA, UCRA, and CDPA were designed to protect those with disabilities, such as Decedent. EMTALA was designed, in part, to stabilize a patient within its capability or transfer to an appropriate higher level of care to provide such stabilization. Such was the case with the Decedent. Therefore, Defendant's violation of the ADA, EMTALA, UCRA, and CDPA makes Defendant *Negligent Per Se*.

62. As a direct, legal, and proximate cause of Defendant's failure to properly supervise Decedent, Decedent was able to leave Defendant's premises while under a Cal. Welfare and Institutions Code §5150 psychiatric hold, resulting in Decedent's death from ligature asphyxiation.

63. Decedent has suffered actual damages, including death, resulting from Defendant's failure to properly supervise Decedent and discrimination of Decedent.

64. As a result of Defendant's negligence, Decedent suffered actual damages, including death.

65. Plaintiff is entitled to special and general damages according to proof at trial.

66.     Plaintiff is entitled to civil penalties according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, OLIVIA VALADEZ, prays for a judgment against Defendant, SUTTER HEALTH MEMORIAL HOSPITAL LOS BANOS, as follows and as permitted as to each cause of action:

**AS TO THE FIRST CAUSE OF ACTION** (Violation of ADA)
1. For all such relief available under 42 U.S.C. §§12101 *et seq*.;
2. For reasonable attorney's fees and costs of suit pursuant to 42 U.S.C. §§12101 *et seq*.;
3. For such other relief as the Court deems just and proper.

**AS TO THE SECOND CAUSE OF ACTION** (Violation of EMTALA)
1. For civil penalties pursuant to 42 U.S.C. §1395dd(d)(1)(A);
2. For general and special damages;
3. For an award of punitive and exemplary damages:
4. For such other relief as the Court deems just and proper.

**AS TO THE THIRD CAUSE OF ACTION** (Violation of UCRA)
1. For actual and special damages according to proof at trial;
2. For statutory damages pursuant to Cal. Civil Code §52(a) including treble damages;
3. For reasonable attorney's fees and costs of suit pursuant to Cal. Civil Code §52(a);
4. For an award of punitive and exemplary damages;
5. For such other relief as the Court deems just and proper.

**AS TO THE FOURTH CAUSE OF ACTION** (Violation of CDPA)
1. For actual damages according to proof at trial;
2. For damages up to three times actual damages pursuant to Cal. Civil Code §54.3;
3. For reasonable attorney's fees and costs pursuant to Cal. Civil Code §54.3;
4. For an award of punitive and exemplary damages;
5. For such other relief as the Court deems just and proper.

**AS TO THE FIFTH CAUSE OF ACTION** (Negligence)
1. For special and general damages according to proof at trial;
2. For civil penalties according to proof;
3. For such other relief as the Court deems just and proper.

///
///
///
///
///
///

## **DEMAND FOR JURY TRIAL**

Plaintiff, OLIVIA VALADEZ, successor in interest to the ESTATE OF ERIC VALADEZ, hereby demands a jury trial on all issues so triable.

Dated: March 3, 2022.                                **LAW OFFICE OF JEREMY M. DOBBINS**

_____
Jeremy M. Dobbins, Esq.
Attorney for Plaintiff,
OLIVIA VALADEZ, successor interest to the ESTATE OF ERIC VALADEZ

