UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA VALDEZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUTTER HEALTH MEMORIAL HOSPITAL LOS BANOS and DOES 1-20,<br><br>　　　　　　Defendants. | Case No.　1:22-cv-00263-AWI-EPG<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AS TO ALL CAUSES OF ACTION<br><br>(ECF No. 2)<br><br>THIRTY (30) DAY DEADLINE |

　　　　Plaintiff Olivia Valadez, proceeding through counsel, filed this civil action on March 3, 2022, as the successor in interest to the Estate of Eric Valadez. (ECF No. 2). On March 8, 2022, this Court granted Plaintiff's application to proceed *in forma pauperis*. (ECF Nos. 3, 4).

　　　　Identifying Sutter Health Memorial Hospital Los Banos (Defendant) and Does 1 through 20 as Defendants, Plaintiff's complaint brings five causes of action for events relating to the death of Eric Valadez: (1) violation of the American with Disabilities Act (ADA); (2) violation of the Emergency Medical Treatment and Active Labor Act (EMTALA); (3) violation of California's Unruh Civil Rights Act (UCRA); (4) violation of the California Disabled Person's Act (CDPA); and (5) negligence and negligence *per se*. Upon review, the Court will allow this action to proceed past the screening stage.

\\\

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens the complaint under 28 U.S.C. § 1915. (ECF No. 4). The Court is required to dismiss the case at any time if the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Notably, "section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff was married to Eric Valadez and now represents his estate. On March 21, 2021, Eric Valadez presented to Defendant's emergency department for a psychiatric evaluation, having threatened to harm himself earlier in the day. He denied having mental health issues or suicidal thoughts and described the incident as a misunderstanding. He tested positive for opiates and alcohol.

A psychiatrist evaluated him and determined that he was a danger to himself and others and recommended a psychiatric hold and medications. A psychiatric assessment conducted on March 22, 2021, also recommended a psychiatric hold.

On March 22, 2021, Defendant's staff heard something falling. Eric Valadez and Defendant's security were nowhere to be found; however, glass on a fire extinguisher had been broken. Defendant's security returned and informed Defendant's staff that Eric Valadez was pacing in the hallway and had hit the glass on the fire extinguisher before breaking it and fleeing. Eric Valadez had a piece of glass in is hand. Defendant's staff notified local police and Merced County Behavioral Health, but Eric Valadez was not located.

On March 27, 2021, law enforcement was dispatched to a residence in Los Banos where a homeowner had found a man hanging from a railing on a boat. The man was Eric Valadez, who had used a cloth ligature to hang himself.

\\\
\\\

### III. SUMMARY AND REVIEW OF PLAINTIFF'S CAUSES OF ACTION

Plaintiff's first cause of action alleges that Defendant violated the ADA by, among other things, not properly supervising Eric Valadez during his psychiatric hold. The second cause of action alleges that Defendant violated the EMTALA by, among other things, failing to provide Eric Valadez with appropriate emergency medical treatment to stabilize his condition and failing to properly supervise him during his psychiatric hold. The third cause of action alleges that Defendant violate the UCRA by failing to properly supervise Eric Valadez during his psychiatric hold. The fourth cause of action alleges that Defendant violated the CDPA by failing to properly supervise Eric Valadez during his psychiatric hold. The fifth cause of action alleges that Defendant was negligent by breaching a duty of care to Eric Valadez when he was able to leave Defendant's premises, which resulted in his death. Further, Defendant was negligent *per se* due to Defendant's alleged violations of the above statutes.

After reviewing Plaintiff's factual allegations and causes of action, the Court concludes that Plaintiff has stated a claim as to all causes of action sufficiently to proceed past the screening stage. This determination is made for screening purposes only and does not prohibit any later challenge that Defendant may make to the sufficiency of the complaint.

### IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and will allow this action to proceed as to all causes of action. The Court thus finds the complaint appropriate for service of process. Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following Defendant[1]:

a. Sutter Health Memorial Hospital Los Banos.

---

[1] The Court is unable to authorize service on unnamed Defendants and Plaintiff is advised to file an appropriate motion as to Does 1 through 20 if, and when, their identities are ascertained. *See, e.g.*, Fed. R. Civ. P. 15; *see also Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that, although the use of Doe defendants is disfavored, "where the identity of alleged defendants will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds").

      2. The Clerk of Court shall send Plaintiff one (1) USM-285 form, one (1) summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint (ECF No. 1);

      3. Within thirty (30) days from the date of service of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

      a. A completed summons for Defendant;

      b. A completed USM-285 form for Defendant; and

      c. Two (2) copies of the complaint (ECF No. 1);

      4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court will direct the United States Marshals Service to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

      5. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __**March 11, 2022**__            /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE