1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   Olivia Valadez, successor in interest to the          No. 1:22-cv-00263-KJM-EPG
     estate of Eric Valadez,
12                                                          ORDER
                         Plaintiff,
13

14           v.

15   Sutter Health Memorial Hospital Los Banos,

16                       Defendant.

17

18          Defendant Sutter Health Memorial Hospital Los Banos asks the court to issue an order

19   under 28 U.S.C. § 1292(b) permitting the Hospital to pursue an immediate appeal of this court's

20   previous orders, which resolved the parties' cross-motions for summary judgment.  *See* Appl.,

21   ECF No. 108; Mem., ECF No. 109; Reply, ECF No. 115; Prev. Order, ECF No. 95; Recons.

22   Order ECF No. 107.  The Hospital also requests a stay if the court permits an immediate appeal.

23   The court takes the matter under submission without holding a hearing.

24          In the orders the Hospital cites, the court adjudicated all but one of plaintiff Olivia

25   Valadez's claims.  The court granted the Hospital's motion for summary judgment of claims one,

26   three and four.  Prev. Order at 24.  Because the Hospital was entitled to judgment as a matter of

27   law on these claims, Valadez was not, so the court denied her corresponding motion for summary

28   judgment of the same claims.  *See id.* at 25.  The court also granted the Hospital's motion for

1

summary judgment of a portion of claim two, i.e., Valadez's claim that the Hospital did not properly screen her son Eric on his arrival in the Hospital's emergency department, as required by the federal Emergency Medical Treatment and Active Labor Act (EMTALA).  *Id.* at 24.  Again, by logical necessity, Valadez's corresponding motion was denied to the same extent.  *Id.* at 25.  By contrast, the court found Valadez, rather than the Hospital, was entitled to summary judgment of the other portions of her second claim.  *Id.* at 24–25.  In these parts of her claim, she alleged the Hospital did not properly stabilize her son's condition in anticipation of his transfer to a different facility, as EMTALA requires.  *Id.*  Because she was entitled to judgment as a matter of law with respect to this part of her second claim, the Hospital was not, and its corresponding motion was denied in part to the same extent.  *See id.* at 25.  Neither party sought summary judgment of Valadez's fifth claim, for negligence, and the court did not address that claim.

The Hospital sought reconsideration in part based on its assertion the court misapprehended the expert testimony it had submitted.  The court granted that motion to the extent it reconsidered its decision and expressly addressed the expert testimony.  Recons. Order at 5.  That record did not show the Hospital was actually entitled to summary judgment in full; the court therefore reached the same conclusions as before: Valadez was entitled to judgment as a matter of law with respect to her claim the Hospital did not stabilize her son before his transfer.  *Id.* at 6–8.

When a district court grants summary judgment with respect to some claims, but not all of them, the court's order "is not immediately appealable because other issues in the case remain unresolved."  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  Federal Rule of Civil Procedure 54(b) does permit the district court to "sever" such a "partial judgment" and permit an "immediate appeal," but only if it finds expressly that "there is no just reason for delay."  *Id.*  By contrast, when a district court issues an order that does not represent even a partial judgment, such as an order denying a motion to dismiss, the order is said to be "interlocutory."  *See id.*  It cannot normally be appealed immediately.  *Id.*  But in some "rare circumstances, the district court may approve an immediate appeal of such an order by certifying that the order 'involves a controlling question of law as to which there is a substantial ground for

1   difference of opinion and that an immediate appeal from the order may materially advance the

2   ultimate termination of the litigation.'" *Id.* (quoting 28 U.S.C. § 1292(b)).

3        The decision to certify an early appeal of an "interlocutory" order under § 1292(b) is, in

4   some ways, similar to a decision to issue a partial judgment under Rule 54(b).  *See, e.g.*,

5   10 Charles A. Miller, et al., Federal Practice & Procedure, §§ 2658.2, 2659 (4th ed. 2025).  In a

6   general sense, a district court must consider in both circumstances whether it is better to depart

7   from the ordinary rule that all issues should be heard in a single appeal following a final

8   judgment.  *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980); *Coopers & Lybrand*

9   *v. Livesay*, 437 U.S. 463, 475 (1978), *superseded by rule in part on other grounds as stated in*

10  *Microsoft Corp. v. Baker*, 582 U.S. 23, 23 (2017).  But Rule 54(b) grants district courts greater

11  discretion to clear the way for an appeal than § 1292(b) does.  *See James*, 283 F.3d at 1067 n.6.

12  Conversely, if there is a "just reason for delay" under Rule 54(b), then an immediate appeal

13  would probably not "materially advance the ultimate termination of the litigation" under

14  § 1292(b), regardless of any "controlling questions of law" or "substantial ground for difference

15  of opinion" that might also be involved.  Rule 54(b) also anticipates exactly the circumstances of

16  this case: some claims, but not all, have been adjudicated.  The court therefore construes the

17  Hospital's application as a request to enter a partial judgment under Rule 54(b).

18       "[I]n deciding whether there are no just reasons to delay the appeal" under Rule 54(b), "a

19  district court must take into account judicial administrative interests as well as the equities

20  involved." *Curtiss-Wright*, 446 U.S. at 8.  It is "proper" to consider, for example, "whether the

21  claims under review were separable from the others remaining to be adjudicated and whether the

22  nature of the claims already determined was such that no appellate court would have to decide the

23  same issues more than once even if there were subsequent appeals." *Id.*

24       An immediate appeal would likely cause duplicative litigation and appeals in this case.

25  As the Hospital argues, Valadez's second claim and her allegations about the Hospital's duty to

26  stabilize her son under EMTALA are closely related to her allegations of negligence and the

27  Hospital's duties under California tort law. *See, e.g.*, Mem. at 17.  She alleges, for example, that

3

1    the Hospital's failure to stabilize her son shows it breached its duty of care as a matter of

2    California negligence law.  *See* Compl. ¶¶ 60–62, ECF No. 2.

3        The equities also weigh against an immediate appeal.  The Hospital intends to advocate

4    two positions in the appellate court.  The first is puzzling by virtue of its practical implications.

5    *See* Prev. Order at 19.  The Hospital contends it had no obligation to stabilize Mr. Valadez in

6    anticipation of his transfer to another facility because he was not ultimately transferred: while he

7    was waiting to be transferred, his behavior became more erratic and he ran from a security guard,

8    fled the hospital, eluded police, and ultimately took his own life.  *See* Defs.' Summary J. Mem. at

9    3, 11, ECF No. 47.  If the Hospital's interpretation of EMTALA were correct, then the healthcare

10   facilities that are subject to its requirements would be relieved of any obligation to stabilize their

11   patients in advance of a necessary transfer, as long as those patients fled or died before that very

12   transfer could be arranged.  *See* Order (July 7, 2025) at 19 (describing Hospital's position as

13   creating, "in essence, a 'dump in the hallway carve-out'").  But in any event, the Hospital's

14   position conflicts with EMTALA's express terms and controlling Ninth Circuit authority.  *See id.*

15   at 19–20 (citing *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1165 (9th Cir. 2002)).  The

16   second position the Hospital intends to advance in an immediate appeal relates to this court's

17   evaluation of the expert opinion the Hospital offered.  *See* Mem. at 10.  Although the Hospital

18   disagrees stringently with this court's assessment of its expert nurse's opinions, that issue is both

19   narrow and factual.  It hardly warrants a parallel and potentially duplicative, inefficient appeal.

20   That issue is better raised and heard in its full context after a final judgment of all claims in a

21   single appeal.

22       For these reasons, the court **denies** the Hospital's application to certify an interlocutory

23   appeal, construed as a request to enter a partial judgment under Rule 54(b).  The court also **denies**

24   the Hospital's request to stay this case.

25       IT IS SO ORDERED.

26   DATED:  October 24, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE