UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OLIVIA VALADEZ,

          Plaintiff,

    v.

SUTTER HEALTH MEMORIAL
HOSPITAL, et al.,

          Defendants.

No. 1:22-cv-00263-DJC-EPG

ORDER

Pending before the Court is Plaintiff's Motion to Amend the Scheduling Order to designate a belated economic expert to opine with certainty on the economic loss to Plaintiff.  The Motion is brought under Federal Rule of Civil Procedure 16(b)(4). Having considered the Parties' briefings and arguments, the Court DENIES Plaintiff's Motion to Amend.

## BACKGROUND

Plaintiff Olivia Valadez filed suit in March 2022, bringing causes of action under the Americans with Disabilities Act, the Emergency Medical Treatment and Active Labor Act, the Unruh Civil Rights Act and the California Disabled Person's Act, and a

cause of action for negligence.[1]  (*See generally* Compl. (ECF No 2).)  On September 16, 2022, the Court issued a scheduling order, setting expert witness disclosures on July 10, 2023, and setting the cutoff for expert discovery on September 18, 2023.  (ECF No. 14).  On August 3, 2023, the Court extended the deadline for expert witness disclosure to November 27, 2023, and set a deadline to complete expert discovery to February 1, 2024.  (ECF No. 34).  In March 2024, the Parties agreed to an extension of time to complete expert depositions, and the Court extended the deadline for expert discovery to May 17, 2024.  The Court noted in its March Order that no further extension to the deadline would be granted.  (ECF No. 45).  In its Order on December 5, 2025, the Court held that Plaintiff may proceed with a wrongful death claim.  (Dec. Order (ECF No. 124).)

Plaintiff subsequently filed the instant Motion, seeking amendment to designate a belated economic expert to provide a more certain value for economic damages.  Defendants oppose the Motion, arguing that it is prejudicial and not diligent.  The matter was ordered submitted without oral argument pursuant to Local Rule 230(g).  (ECF No. 132).

**LEGAL STANDARD**

A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotation marks omitted).  Rather, a scheduling order may be changed only with the court's consent and for "good cause."  Fed. R. Civ. P. 16(b)(4).  Rule 16(b)'s good cause standard is viewed more stringently that Rule 15.  *AmerisourceBergen Corp. v. Dialysist W. Inc.,* 465 F.3d 946, 952 (9th Cir. 2006).  The moving party cannot "appeal to the liberal amendment procedures afforded by Rule 15; his tardy motion [must] satisfy the more stringent 'good cause' showing required under Rule 16."  *Id.*

---

[1] At this stage in the proceedings, Plaintiff's remaining causes of action are for EMTALA and negligence per se.

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Id.* at 609.  "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.,* 256 F.R.D. 684,687 (E.D. Cal. 2009).  "If that party was not diligent, the inquiry should end." *Johnson,* 975 F.2d at 609.

**DISCUSSION**

Plaintiff argues that she was diligent in filing because the Court "allow[ed] the wrongful death claim to move forward" in the December 5, 2025, Order and because she first came to understand that Defendant seeks to dispute Plaintiff's claim and amount of special damages in the October 2025 Joint Pretrial Status Report.  Defendant argues that good cause does not exist because Plaintiff should have always expected that Defendant would have challenged her claim for damages, and that Plaintiff has represented that the wrongful death was, and always has been, part of the present action.  The diligence inquiry under Rule 16(b) focuses on the time between discovery of a new fact and the moving party seeking leave to amend.  *See, e.g., Johnson,* 975 F.2d at 609–10 (denying leave to amend because the moving party knew the information beforehand but failed to bring a claim until four months after the deadline).

The Court finds that the Plaintiff's Motion is not diligent.  Here, Plaintiff has been aware of the potential for a wrongful death claim since the inception of the case.  In the Joint Brief filed in November 2025, Plaintiff argues that "[t]he wrongful death elements are satisfied by the operative pleading. . . ."  (Joint Brief (ECF No. 120) at 3.)  Further, in the December 2025 Order, Judge Mueller found that the allegations in the Complaint were sufficient such that Plaintiff was able to pursue a wrongful death

3

claim.  (*See* Dec. Order at 2–3.)  As for the issue of Defendant disputing Plaintiff's damages, Plaintiff has not adequately explained how such issue could not have reasonably been foreseen, or why she waited over two months after the October 2025 Joint Pretrial Status Report to seek amendment.  Because Plaintiff fails to explain how this information was not previously known, the Court finds that the request for amendment is not diligent.  *See, e.g., Infmetry LLC v. Message in a Bottle, Inc.,* No. 1:22-cv-01075-DJC-JDP, 2024 WL 3470345, at *2–3 (E.D. Cal. July 19, 2024) (denying a motion to amend where the moving party failed to establish diligence).

## CONCLUSION

Accordingly, Plaintiff's Motion to Amend (ECF No. 125) is DENIED.

IT IS SO ORDERED.

Dated:   **April 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – VALADEZ22cv00263.mta_v1