UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA VALADEZ, *successor in interest of the Estate of Eric Valadez*,<br>Plaintiff,<br>v.<br>SUTTER HEALTH MEMORIAL HOSPITAL LOS BANOS,<br>Defendant. | Case No. 1:22-cv-00263-DJC-EPG<br>ORDER DENYING MOTION TO COMPEL<br>(ECF No. 136) |

On September 15, 2026, Plaintiff Olivia Valadez, as successor in interest to the Estate of Eric Valadez, filed a motion to compel compliance with subpoenas served on June 17, 2026, to the California Department of Public Health ("CDPH") and for relief concerning the United States Department of Health and Human Services ("HHS"). (ECF No. 136). Defendant opposes the motion. (ECF No. 138). For the reasons that follow, Plaintiff's motion is denied.

After consideration, the Court will deny Plaintiff's motion because the subpoena at issue appears to primarily be an attempt to reopen discovery. Specifically, Plaintiff's motion seeks an order compelling CDPH and HHS to comply with the production subpoena issued on June 17, 2026, arguing that the subpoena seeks relevant and proportional information; HHS's objections, including pursuant to *Touhy*[1] regulations, are insufficient; the "requested discovery" is needed for trial preparation; privacy objections can be addressed through redaction and a protective order;

[1] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

and the subpoena can be modified to eliminate any legitimate burden. (ECF No. 136 at 4-7). The subpoena seeks "documents concerning CDPH Complaint No. CA00734198 and the March 21-22, 2021, incident at Sutter Health Memorial Hospital Los Banos." (*Id.* at 8); *see also* (*id.* at 15-17).

In response, Defendant argues that the motion should be denied "because it seeks to reopen discovery long after discovery closed and after the Court already adjudicated the central liability issues concerning Eric Valadez's treatment at Memorial Hospital Los Banos." (ECF No. 138 at 2). Specifically, Defendant asserts that Plaintiff cannot use Rule 45 subpoenas to circumvent the expired discovery deadline; the subpoenas are discovery subpoenas in substance; Plaintiff has not shown good cause to reopen discovery; the requested discovery is largely directed to liability issues that have already been adjudicated; and reopening discovery at this stage would prejudice Defendant and disrupt the orderly progression of the case. (*Id.* at 4-6).

Plaintiff did not file a reply or otherwise address Defendant's arguments.

The Court agrees with Defendant that Plaintiff's production subpoena is an improper attempt to conduct discovery, which closed on May 17, 2024. Although "Rule 45 allows a party to request the production of documents or tangible items from a non-party," *Sepulveda v. City of Whittier*, Case No. CV 17-4457-JAK (KSx), 2022 WL 20804352, at *3 (C.D. Cal. Feb. 16, 2022) (citing Fed. R. Civ. P. 45(a)(1)(c)), Rule 45 "is not designed to provide an end-run around the regular discovery process under Rules 26 and 34[,]" *Est. of Sanchez v. Cnty. of Stainslaus*, No. 1:18-cv-00977-DAD-CKD, 2024 WL 1344673, at *2 (E.D. Cal. Mar. 28, 2024) (citation and internal marks omitted), and "courts in this Circuit hold a Rule 45 trial subpoena may be issued to obtain documents for trial after close of discovery in limited circumstances," *Sepulveda*, 2022 WL 20804352, at *3 (citation omitted). Specifically, "California federal courts permit the use of a trial subpoena under Rule 45 to obtain originals of documents that were disclosed previously during discovery or to refresh memory at trial." *Id.* (citation omitted). "Outside these narrow circumstances[,] requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period." *Id.* (citation and internal marks omitted); *see also Est. of Sanchez*, 2024 WL 1344673, at *2 (citation and internal marks omitted) (explaining that "California federal courts permit the use of a trial subpoena under

Rule 45 to obtain originals of documents that were disclosed previously during discovery").

Here, Plaintiff does not argue that the documents she seeks fall within either of these two categories, nor does she refute Defendant's contention that she "seek[s] to uncover information [she] did not obtain during the discovery period." (ECF No. 138 at 5); *see also Sepulveda*, 2022 WL 20804352, at *3 (finding subpoenas procedurally defective where plaintiff offered no argument or evidence to show that the subpoenas fell within either of the two narrow exceptions for using Rule 45 trial subpoenas to obtain documents after discovery had closed). Plaintiff also does not provide any reason to support a modification of the scheduling order to reopen discovery.

Because the discovery Plaintiff seeks should have been sought during the discovery period, Plaintiff's subpoena is untimely.[2] *See Mangiaracina v. BNSF Ry. Co.*, Case No. 16-cv-05270-JST, 2021 WL 11701467, at *1 (N.D. Cal. Nov. 2, 2021) (citation omitted) (granting motion to quash subpoena, in part, because discovery closed more than three years prior but plaintiffs served a corporate designee subpoena on the eve of trial and explaining that to require defendant to prepare and produce a witness on entirely new topics that could have been the subject of pretrial discovery would subject defendant to undue burden); *Soto v. Cnty. of Sacramento*, No. 2:19-cv-00910-TLN-DB, 2021 WL 2402524, at *7 (E.D. Cal. June 11, 2021) (alteration, citation, and internal marks omitted) (noting that the "majority of jurisdictions generally hold that a subpoena seeking production or inspection from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines"); *Mission Linen Supply v. City of Visalia*, CASE NO. 1:15-CV-0672 AWI EPG, 2017 WL 4652698, at *2 (E.D. Cal. Oct. 17, 2017) (finding a subpoena to produce certain files was an improper attempt to circumvent discovery deadlines); *Beecham v. Roseville City Sch. Dist.*, No. 2:15-cv-1022-KJM-EFB, at (ECF No. 102 at 2) (E.D. Cal. May 22, 2017) (citations omitted) (granting motion to quash, finding subpoenas served by defendant on two non-parties "well after the deadline for completion of discovery" were "untimely under the court's scheduling order").

\\\

\\\

[2] The Court need not address Defendant's other arguments in opposition to the motion to compel.

Accordingly, Plaintiff's motion to compel, (ECF No. 136), is denied.

IT IS SO ORDERED.

Dated: **November 16, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE